Amy L. B. Ginsburg (State Bar No. 034423)
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-600-2112
Email: teamkimmel@creditlaw.com

Attorney for Plaintiff, Joseph Henson

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Joseph Henson**, | |
| Plaintiff, | No. |
| v. | |
| **Capital One, N.A.** d/b/a **Capital One Auto Finance**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Joseph Henson** ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against **Capital One, N.A. d/b/a Capital One Auto Finance** ("Defendant"):

- 1 -

## INTRODUCTION

1. Plaintiff's Complaint is based the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Arizona and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Arizona.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Phoenix, Arizona 85014.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 8058 Dominion Parkway, Building 5, Plano, TX 75024.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around the spring of 2014 and continuing through around late 2015, Defendant repeatedly called Plaintiff on his cellular telephone.

13. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

14. The persons and/or recordings on the line stated Defendant was trying to reach Plaintiff regarding an alleged account balance on an automotive loan.

15. Soon after calls began around the spring of 2014, Plaintiff told Defendant he did not wish to be contacted.

16. On subsequent calls, Plaintiff repeated his instruction to Defendant not to call.

17. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

18. Once Defendant was aware Plaintiff he wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

19. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff multiple times per week through to late 2015.

20. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

21. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded or automatically-generated voice and/or a pause or delay before being connected with Defendant's live representatives.

22. Plaintiff also received voicemails from Defendant with a prerecorded or automatically-generated voice.

- 4 -

# COUNT I
# DEFENDANT VIOLATED THE TCPA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

25. Defendant initiated repeated calls to Plaintiff's cellular telephone.

26. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

27. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice within the four year period preceding the filing of this Complaint.

28. Defendant's calls to Plaintiff's cellular telephone in the four year period preceding the filing of this Complaint were not made with Plaintiff's prior express consent.

29. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

30. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone in the four year period preceding the filing of this Complaint.

31. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

32. When Defendant called Plaintiff from around the spring of 2014 through around late 2015, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

33. When Defendant called Plaintiff from around the spring of 2014 through around late 2015, it knew it was placing calls to a cellular telephone.

34. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Joseph Henson**, respectfully prays for a judgment as follows:

    a)    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b)    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c)    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d)    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e)    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Joseph Henson**, demands a jury trial in this case.

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
|   | KIMMEL & SILVERMAN, P.C.. |
| DATED: February 21, 2019 | By: */s/ Amy L. B. Ginsburg* |
|   | Amy L. B. Ginsburg |
|   | Kimmel & Silverman, P.C |
|   | 30 East Butler Pike |
|   | Ambler, PA 19002 |
|   | Telephone: (215) 540-8888 |
|   | Facsimile (215) 540-8817 |
|   | Email: aginsburg@creditlaw.com |
|   | Attorney for Plaintiff, Joseph Henson |